IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT E. MEADE | : | |
|    Plaintiff | : | |
| v | : | Civil Action No.: MJG-02-1451 |
| JUDGE GAIL SHAFFER<br>JUDGE JUDITH DUCKETT<br>JUDGE NANCY PHELPS and<br>THE ORPHANS' COURT FOR ANNE<br>    ARUNDEL COUNTY | :<br><br>:<br><br>: | |
|    Defendants | : | |

... oOo ...

### MEMORANDUM

On April 22, 2002 Plaintiff, Robert E. Meade filed a complaint with this Court pursuant to 42 U.S. C. § 1983. Paper No. 1. In his complaint, Mr. Meade alleges that defendants Shaffer, Duckett, and Phelps, who are judges for the Orphans' Court for Anne Arundel County, violated his civil rights during the course of adjudicating various matters that arose with respect to his mother's estate. *Id.* The decisions Mr. Meade complains of here include an order by the court to refuse any further pleadings presented by him for filing until he provided the court with an address and telephone number where he could be reached. *Id.* at Ex. 4. The remaining allegations contained in his complaint center around the conduct of the attorneys who opposed Mr. Meade in the matter before the Orphans' Court and the failure of the judges to intervene on his behalf. *Id.* at p. 2.

It is well established that this Court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith. 1 Moore's Federal Practice (2d ed.) ¶ 0.60[6] at 639-40; *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988)(federal district judge has authority to dismiss a frivolous suit

on his own initiative; *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975)(district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*).This broad, inherent power, not limited or impaired by Rule 12(b), "may be invoked at any time during the process of the action." 1 Moore's, *supra*, at 640.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions, such as the one *sub judice*, filed under 42 U.S.C. §§ 1983, 1985. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a

2

judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

Upon review of the complaint, it is clear that all claims with respect to defendants Schaffer, Duckett, and Phelps must be dismissed. Each of these defendants is being sued in their capacity as a judge and for actions taken in furtherance of their duties as judges. Plaintiff's allegations against defendants Schaffer, Duckett, and Phelps do not compel the conclusion that they acted in clear absence of jurisdiction. Rather, the plaintiff's lawsuit is exactly the type of action that the *Pierson, supra*, Court, recognized as necessitating the doctrine of judicial immunity. *See also Forrester v. White*, 484 U.S. 219, 227 (1988) "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Because judicial immunity precludes the plaintiff's recovery, *sua sponte* dismissal of the plaintiff's claims against these defendants is appropriate.

Notwithstanding the doctrine of judicial immunity, however, the Court finds that dismissal of this action is also appropriate on the grounds that it does not have the authority to review final judgments of a state court in judicial proceedings. Rather, such review may be had only in the United States Supreme Court. 28 U.S.C. § 1257. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 or § 1985 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Id.* at 486; *see also Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). An action filed under 42 U.S.C. §§ 1983, 1985 may not be used as a substitute to appeal a state court decision. *Id.* This Court does not have jurisdiction to exercise review of

the state court decisions and the instant action against the named state court judges must therefore be dismissed for lack of subject matter jurisdiction.

The remaining defendant is "The Orphans' Court of Maryland for Anne Arundel County". Paper No. 1. Plaintiff appears to assert a claim against the Orphans' Court for "an official abuse of authority". *Id.* at p. 2. This claim, however, must also be dismissed. Neither the state nor an arm of the state, nor a state official acting in his or her official capacity, is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment jurisdictionally bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). For these reasons *sua sponte* dismissal of Plaintiff's claims against the Orphans' Court is appropriate. A separate order dismissing all of Plaintiff's claims follows.

_April 25, 2002_
Date

_Marvin J. Garbis_
Marvin J. Garbis
United States District Judge